IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:08-CV-98-FL

| | |
|---|---|
| CONNIE H. ROBINSON, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (DE ## 16 & 18), plaintiff's timely objection, and defendant's timely response to the memorandum and recommendations ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr.. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules plaintiff's objections to the M&R and adopts the findings in the M&R upholding the Commissioner's decision denying benefits.

## STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") payments on June 18, 2004, alleging disability beginning on June 20, 2003.[1] (R. 48-50.) Plaintiff's claims were denied initially and upon reconsideration. (Id. at 31-37.) Plaintiff then requested and received a hearing before an Administrative Law Judge

---

[1] The court notes that the ALJ and the magistrate judge list plaintiff's date of application as May 21, 2004. (See R. 16; M&R at 1.) It is not clear where this date comes from, but plaintiff's application is stamped as received on June 18, 2004.

("ALJ") on August 11, 2006, at which plaintiff was represented by counsel. (Id. at 16, 520-45.) In an opinion dated November 21, 2006, the ALJ issued an M&R denying plaintiff's claims. (Id. at 13-20.) Plaintiff then sought review by the Appeals Council and submitted additional documentation. (Id. at 9-12.) The Appeals Council incorporated the additional documentation into the record, and, after considering all of the information before it, denied plaintiff's request for reconsideration on February 4, 2008. (Id. at 6-8.) Plaintiff then initiated this action by complaint on March 12, 2008. The parties filed cross-motions for judgment on the pleadings and the magistrate judge filed an M&R recommending denial of plaintiff's motion and granting defendant's motion. Plaintiff has now timely objected to the M&R and the defendant has filed a response in support of the M&R. In this posture, the issues raised are ripe for ruling.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing the final decision of the Commissioner is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court

2

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff appears to lodge one objection to the magistrate judge's findings, namely that the magistrate judge erroneously concluded that "the ALJ properly assessed Ms. Robinson's impairments to determine a residual functional capacity for light work, without obtaining testimony from a vocational expert concerning the effect of Ms. Robinson's nonexertional impairment of depression on her ability to work." (Pl.'s Objections to M&R at 1, DE # 22.) The remainder of plaintiff's objection discusses alleged errors committed by an evaluating physician. The overall import of plaintiff's objection appears to be that both the magistrate judge and the ALJ erred in concluding that the testimony of a vocational expert ("VE") was not required in determining plaintiff's residual functional capacity ("RFC") because plaintiff has a nonexertional impairment that precludes application of the Medical-Vocational Guidelines listed in 20 C.F.R. § 404, Subpart P, Appendix 2 (the "Grids").

The purpose of the Grids is to provide uniform determinations as to whether there are sufficient jobs in the national economy that a claimant can perform given her physical limitations, age, education, and work experience. See Heckler v. Campbell, 461 U.S. 458, 460-62 (1983). The Grids only relate to the exertional components of a claimant's disability. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). As such, the Grids are not applicable in cases in which a claimant suffers from only a nonexertional limitation, or cases in which claimant suffers from a nonexertional limitation that prevents her from performing a full range of work at a given level of exertion. See Id. at 49 (holding that not every nonexertional condition rises to the level of a nonexertional

impairment); Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1983); see also 20 C.F.R. §§ 404.1569a(c)(2), (d). In such cases, an ALJ must take testimony from a VE in order to determine whether sufficient jobs exist in the national economy that the claimant can do given her RFC and other characteristics. See Davis v. Chater, 60 F.3d 821, 1995 U.S. App. LEXIS 16465, *5, 1995 WL 395734, *2 (4th Cir. July 6, 1995). The ALJ in this case did not take testimony from a VE because he found that her depression was a nonexertional condition that was not a limitation on her ability to perform work.

There are two potential bases for plaintiff's objection, though she cites only one. The first, not cited by plaintiff, is case law from other circuits that requires an ALJ to receive vocational expert testimony in determining whether a particular nonexertional limitation is significant. See e.g., Sykes v. Apfel, 228 F.3d 259, 261, 270 (3d Cir. 2000) (requiring the Commissioner to receive testimony from a vocational expert or to give notice of his intent to deem an impairment insignificant where a plaintiff has both exertional and nonexertional limitations). The Fourth Circuit, however, has not adopted such an approach. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) (holding that not every nonexertional condition rises to the level of a nonexertional impairment); Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1983). In the Fourth Circuit, the proper inquiry is "whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." Walker, 889 F.2d at 49.

The second potential basis for plaintiff's objection is 20 C.F.R. § 404.1569a, which states that one nonexertional limitation that requires vocational expert testimony is where a claimant has "difficulty understanding or remembering detailed instructions." 20 C.F.R. § 404.1569a(c)(1)(iii). Plaintiff asserts that § 404.1569a's limitation in this regard is in tension with the ALJ's finding that

4

plaintiff's RFC is for "the light exertional level with no frequent changes in work procedures." (R. 22.) Plaintiff contends that finding a limitation of "no frequent changes in work procedures" while using the Grids is inconsistent with § 404.1569a's instruction that "difficulty understanding or remembering detailed instructions" is a a nonexertional limitation for which VE testimony would be required. Such a finding is also potentially in tension with the Fourth Circuit's requirement that VE testimony be taken whenever a claimant has a nonexertional limitation that affects her ability to do work for which she is exertionally capable.

Plaintiff contends that the ALJ's limitation of "no frequent changes in work procedures" is akin to saying that plaintiff can perform only simple, repetitive tasks. (Pl.'s Objections to M&R 3.) This contention is based on the assumption that the ALJ was adopting the limitations found by Dr. Scott T. Schell in an evaluation for the North Carolina Department of Health and Human Services, Disability Determination Services ("DDS"). (R. 165-67.) Plaintiff's argument in this regard is flawed because the ALJ specifically discounted Dr. Schell's finding that plaintiff was limited to simple, repetitive tasks in his discussion. (Id. 21.) The ALJ determined that Dr. Schell's finding "does not appear to be a genuine limitation as a cognitive or concentration loss has not been shown" in plaintiff's case. (Id.) Thus, the ALJ's determination regarding plaintiff's RFC for light work "with no frequent changes in work procedures" cannot be said to be the same as a limitation to simple, repetitive work.

Further, the ALJ's finding that plaintiff had an RFC for light work "with no frequent changes in work procedures" is not inconsistent with unskilled positions. Unskilled work "is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Such jobs can usually be learned in 30 days, and require little

vocational preparation or judgment. Id. The Grids' discussion of jobs available for claimants limited to light work indicates that only unskilled jobs are contemplated. See 20 C.F.R. Part 404, Subpart P, App. 2, § 202.00. Nothing in the Grids or the description of unskilled work indicates that these types of jobs involve frequent changes in work procedures that would render the ALJ's determination a limitation on plaintiff's ability to perform the full range of light work that would necessitate VE testimony at the final stage of the sequential evaluation. As such, plaintiff's objection on this issue is overruled.

Plaintiff also appears to object to the ALJ's consideration of Dr. Schell's findings because, she contends, those findings did not consider all of the evidence and resulted in a misdiagnosis of somatization disorder NOS.[2] As part of this, plaintiff contends that Dr. Schell did not have certain lumbar MRIs before him which established that plaintiff suffers from degenerative disc disease. Because Dr. Schell did not have these records, plaintiff contends his finding that plaintiff suffers from somatization disorder is incorrect on its face. Plaintiff's contention appears incorrect from the record before this court. Dr. Schell's report indicates that at least one of the two MRIs plaintiff cites were reviewed as part of his evaluation of plaintiff. Contrary to plaintiff's assertions, Dr. Schell's finding that plaintiff suffers from somatization disorder did not constitute a finding that there were no physical explanations, but rather a finding that plaintiff's complaints of pain were not fully explained by a physical disorder. See Merck Manual at 1740. This finding was consistent with the ALJ's determination. Upon thorough review of the record in this case, this court concurs with the

---

[2]Somatoform disorders are defined in the C.F.R. as "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. Part 404, Subpart P, App. § 12.07. Somatization disorder "is characterized by multiple physical complaints (e.g., pain; GI, sexual, and neurologic symptoms) over several years that cannot be explained fully by a physical disorder." MERCK & CO., INC., THE MERCK MANUAL OF DIAGNOSIS AND THERAPY 1740 (18th ed. 2006) [hereinafter "Merck Manual"]

magistrate judge's finding that the ALJ properly assessed the credibility of plaintiff's statements and found that those statements were not entirely credible given plaintiff's medically determinable impairments. This finding was consistent with Dr. Schell's finding. Consequently, plaintiff's objection on this issue is also overruled.

## CONCLUSION

For the foregoing reasons, plaintiff's objections to the M&R are OVERRULED. Except as heretofore stated, the findings of the magistrate judge in the M&R are adopted by this court. Consequently, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's motion for judgment on the pleadings is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 20th day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge